**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

TOM BROWN,

        Plaintiff,

v.                                                                                                                No. CIV-08-0751 BB/RLP

MIKE HEREDIA, WARDEN,
STEVE NANCE, ASSOCIATE WARDEN P.O.U.,
TONY SANDERS, UNIT MANAGER,
JOE R. WILLIAMS SECRETARY OF CORRECTIONS,
WEXFORD MEDICAL SERVICES,
DR MANUEL TAN, ET AL.,

        Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

        This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, certain of Plaintiff's claims will be dismissed.

        The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to

pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint names a number of Defendants and alleges that Plaintiff has been denied adequate medical treatment for a serious condition. Specifically, certain Defendants failed to render treatment when Plaintiff suffered severe symptoms from a bleeding ulcer. He contends that Defendants' actions violated his rights under the Constitution. The complaint seeks damages and injunctive relief.

The complaint names Warden Heredia, Associate Warden Nance, Unit Manager Sanders, and Secretary of Corrections Williams as Defendants. However, no allegations are made affirmatively linking these Defendants to the asserted violations. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). Plaintiff describes these Defendants as supervisory of others ("legally responsible") or alleges that they failed to respond to grievances. To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by a Defendant in the asserted constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official. *See id.* The Court will dismiss claims against Defendants Heredia, Nance, Sanders, and Williams.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendants Heredia, Nance, Sanders, and Williams are DISMISSED with prejudice; and Defendants Heredia, Nance, Sanders, and Williams are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of the complaint, for Defendants Wexford Medical Services and Tan.

_____
UNITED STATES DISTRICT JUDGE