IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TOM BROWN,

    Plaintiff,

v.                                                          Civ. No. 08cv751 BB/RLP

WEXFORD HEALTH RESOURCES, INC. and
MANUEL TAN, M.D.,

    Defendants.

MAGISTRATE JUDGE'S REPORT & RECOMMENDATION[1]

    1.    This is a proceeding brought pursuant to 42 U.S.C. § 1983. Plaintiff alleges that he was denied adequate medical care and the Court will treat his claim as arising under the Eighth Amendment. Pursuant to the district court's earlier opinion, all defendants except Wexford Health Resources, Inc. and Manuel Tan, M.D. have been dismissed. *See* Memorandum Opinion and Order [Doc. 17].

    2.    The Court issued an Order for a *Martinez* Report [Doc. 23] and Defendants stated they were not in possession, custody, or control of any of Plaintiff's medical records or the grievances and prison grievance policy requested by the Court. *See* Doc. 26. The Court issued a second Order, granting an extension of time and directing Defendants to obtain the necessary documents. *See* Doc. 27. Defendants submitted Plaintiff's medical records, but failed to submit any grievances filed by Plaintiff or the prison policy as directed.

---

[1] Within ten (10) days after a party is served with a copy of the Magistrate Judge's Report and Recommendation that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections in the United States District Court to the Report and Recommendation. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Report and Recommendation. If no objections are filed, no appellate review will be allowed.

3.      Pursuant to *Jones v. Bock*, 549 U.S. 199 (2007) the exhaustion of administrative remedies under the Prison Litigation Reform Act is an affirmative defense. Defendants raised this defense, but failed to submit any documentation in support thereof, and so the Court assumes that Plaintiff exhausted his administrative remedies as averred.

4.      To show an Eighth Amendment violation, a plaintiff must show that prison medical staff was deliberately indifferent to his serious medical needs and prove two elements: (1) objectively, that his medical needs are sufficiently serious; and (2) subjectively, the prison officials acted with a sufficiently culpable state of mind. *Self v. Crum*, 439 F.3d 1227, 1230-31 (10th Cir. 2006).

5.      A medical need is sufficiently serious if it is diagnosed by a physician, or so obvious that even a lay person would recognize the need for medical attention. *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999). A prison official has a sufficiently culpable state of mind if the official "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

6.      A review of the medical records submitted by Defendants indicate that Plaintiff did have serious medical needs and was treated for his bleeding ulcer and other ailments. However, the record does not indicate the "sufficiently culpable state of mind" required for a § 1983 claim. At most, Plaintiff may have stated a case for medical negligence or malpractice, and those claims would have to be pursued in state court. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

7.  Both Plaintiff and Defendants request summary judgment.[2] Plaintiff's Motion should be denied because he has failed to allege facts to indicate the deliberate indifference to his serious medical needs. Defendants' Motion is denied because essentially they are treating this case as one arising under the New Mexico Tort Claims Act and a medical negligence claim which, as discussed above, are inappropriate in a § 1983 claim. I do recommend that the case be dismissed for the failure to state a constitutional violation.

### Recommended Disposition

I recommend that this case be dismissed with prejudice.

_____
Richard L. Puglisi
United States Magistrate Judge

---

[2] Defendants' Motion is part of its *Martinez* Report and therefore is inappropriate and does not show on the docket as a pending motion. *See* Doc. 29. Plaintiff's Motion is part of his response to the *Martinez* report and therefore does not show on the docket as a pending motion. *See* Doc. 32.